# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| JONATHAN JERNIGAN and<br>ANGELA JERNIGAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. 1:15-cv-00074 |
| v. | ) | Judge Sharp |
| | ) | |
| PENNYMAC HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant PennyMac Holdings, LLC's Motion to Dismiss (Docket No. 16). Defendant's Motion is unopposed.[1] For the Reasons set out below, the Court will GRANT the motion.

## BACKGROUND

Plaintiffs Jonathan and Angela Jernigan filed this suit against Defendant on June 30, 2015, alleging that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601, and the Tennessee Home Loan Protection Act, Tenn. Code Ann. § 45-20-101. (See Docket No. 1.) On August 24, 2015, the case was removed to the U.S. District Court for the Middle District of Tennessee, Columbia Division. (See id.)

The Court scheduled an initial case management conference for November 2, 2015. Defendant's counsel appeared at the November 2, 2015 conference, but Plaintiffs' counsel failed to show up. (Docket No. 9.) The Court rescheduled the conference for November 4, 2015 and ordered Plaintiffs' counsel to appear in person. (Id.) Plaintiffs' counsel appeared at the

---

[1] Plaintiffs have not filed a response to the Motion. Local Rule 7.01(b) provides that "[f]ailure to file a timely response shall indicate that there is no opposition to the motion." M.D. Tenn. R. 7.01(b).

rescheduled conference. There, he told the Court that he intended to withdraw as Plaintiffs'

attorney. He soon filed a motion to withdraw, which the Court granted. (Docket Nos. 10, 11.)

In its order granting the motion to withdraw, the Court gave Plaintiffs thirty days either to

find substitute counsel or to notify the Court that they intended to proceed *pro se*. (Docket No.

11.) Thirty days passed, yet Plaintiffs filed no response to the Court's order.

Defendant filed a Motion to Dismiss on February 2, 2016. (See Docket No. 16.) On

February 25, 2016, the Court entered an Order (Docket No. 17) that gave Plaintiffs fourteen days

to respond to Defendant's Motion. The Court warned Plaintiffs that their failure to respond

within fourteen days "may result in [the] suit being dismissed with prejudice." (Id.) Plaintiffs

did not respond.

## ANALYSIS

The Court has the power to dismiss a complaint under Rules 37 and 41 of the Federal

Rules of Civil Procedure. Rule 37 permits a court to dismiss a lawsuit when a party fails to

comply with a discovery order, including an order to attend a pretrial discovery conference. Fed.

R. Civ. P. 37(b)(2)(A)(v); 26(f). Such a dismissal "accomplishes the dual purpose of punishing

the offending party and deterring similar litigants from such misconduct in the future." Bass v.

Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). Similarly, Rule 41(b) allows a court to dismiss a

complaint when the plaintiff has failed to comply with a court order. The rule "allows district

courts to manage their dockets and avoid unnecessary burdens on both courts and opposing

parties." Shavers v. Bergh, 516 F. App'x 568, 569 (6th Cir. 2013) (citing Knoll v. Am. Tel. &

Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit uses a four-factor test to consider dismissal under Rule 41(b) or Rule

37(b)(2)(A). See Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990)

(setting out the four-factor test).[2]  Dismissal is appropriate when: (1) the plaintiff acted with willfulness, bad faith, or fault; (2) the violation prejudiced the defendant; (3) the plaintiff had been warned that her conduct could lead to extreme sanctions; and (4) less drastic sanctions were previously imposed or considered.  Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass, 71 F.3d at 241; Bank One of Cleveland, 916 F.2d at 1073.  No single factor is dispositive. Knoll, 176 F.3d at 363.

### A. Did Plaintiffs Show Willfulness, Bad Faith, or Fault?

The first Rule 37(b) factor is satisfied only with "a clear record of delay or contumacious conduct."  Freeland, 103 F.3d at 1277.  Such a record exists when a plaintiff shows "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings."  Shavers, 516 F. App'x at 570 (quoting Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)).

Plaintiffs' conduct meets this standard.  For three months, Plaintiffs have failed to respond to their former counsel, their opposing counsel, or the Court.  And during that time, they have missed two Court-ordered deadlines without explanation.  (See Docket Nos. 11, 17)  In all, Plaintiffs' conduct is a textbook example of delay, bad faith, and contumacious conduct. Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) (A plaintiff's conduct met first 37(b) standard when he "failed to respond to the amicable requests of [Defendant's] counsel, he failed to respond to [Defendant's] motion to compel, and he failed to comply with the district court's . . . order.").

---

[2] The same four-factor test applies to both rules. See Shavers, 516 F. App'x at 569–70 (applying Rule 37(b)(2)(A)'s four-factor test to dismissal under Rule 41(b)).

**B. Did Defendant Suffer Prejudice?**

The second Rule 37(b) factor is met when a defendant "waste[s] time, money, and effort in pursuit of cooperation which [a plaintiff] was legally obligated to provide." Wright v. City of Germantown, Tenn., 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013).

Here, Defendant has been forced to waste time and money trying to secure Plaintiffs' cooperation. In particular, Defendant has had to waste money preparing for the multiple initial case management conferences (which Plaintiffs did not attend) and drafting a Motion to Dismiss (to which Plaintiffs did not respond). And all of Defendant's efforts have been fruitless; Plaintiffs appear to be no closer to prosecuting this action today than they were when it was filed.

**C. Were Plaintiffs Warned that Their Conduct Could Lead to Extreme Sanctions?**

Prior notice—or the lack thereof—is key in determining whether dismissal under Rule 37(b) is appropriate. Schafer, 529 F.3d at 737. The Sixth Circuit has repeatedly required that a lower court "put the derelict parties on notice that further noncompliance would result in dismissal." Wu v. T.W. Wang, Inc., 420 F.3d 641, 644 (6th Cir. 2005).

Plaintiffs were on notice that failure to complete discovery could lead to dismissal. In the February 25, 2016 order, the Court warned that "failure to timely file a response may result in this suit being dismissed with prejudice." (Docket No. 17.) Despite this warning, Plaintiffs did not meet the deadline for responding.

**D. Were Less Drastic Sanctions Imposed or Considered?**

The fourth Rule 37(b) factor is met when "less drastic sanctions [than dismissal] were imposed or considered" in response to a plaintiff's conduct. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). But the Sixth Circuit has stressed that "consideration of lesser sanctions is a *factor*" in the Rule 37(b) analysis; lesser sanctions are not

a prerequisite for a dismissal order.  <u>Harmon</u>, 110 F.3d at 368.  Moreover, a court is not required to "incant a litany of the available lesser sanctions" or to assume "that lesser sanctions were not considered simply because their consideration is not" clear in the record.  <u>Harmon</u>, 110 F.3d at 368.  <u>See also</u> <u>Shavers</u>, 516 Fed. App'x at 571 (ordering dismissal despite the record's silence as to whether the magistrate judge considered lesser sanctions).

The Court has not considered lesser sanctions.  But in this case, dismissal is an appropriate first sanction.  There is no indication that financial sanctions would spur Plaintiffs into compliance.  And more importantly, their stubborn, five-month-long refusal to cooperate is "sufficiently egregious" to warrant a drastic sanction.  <u>Harmon</u>, 110 F.3d at 368 (holding that district court properly ordered dismissal as a first sanction when plaintiff had not responded to court-ordered discovery requests for months).

## CONCLUSION

Dismissal is a "sanction of last resort."  But here, it is appropriate.  The record contains ample evidence of Plaintiffs' bad faith and dilatory conduct.  The Court issued a clear, specific warning to Plaintiffs about that conduct.  And Defendant has wasted time, money, and effort in a futile attempt to secure Plaintiffs' cooperation.  Plaintiffs' complaint should be dismissed under Rules 41(b) and 37(b)(2)(A).

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.  An appropriate Order will be entered.

_Kevin H. Sharp_
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE